IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                  Case No. 17-CR-3246-MV

JOHN DOMPIERRE,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant John Dompierre's Opposed Motion for Sentence Reduction Under Guideline Amendment 821 [Doc. 731]. Mr. Dompierre seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Federal Rule of Criminal Procedure 43(b)(4). Doc. 731. The government opposes the motion. Doc. 732. Having carefully considered the briefs and relevant law, and being otherwise fully informed, the Court finds that Mr. Dompierre's Motion for Sentence Reduction is not well-taken and will be denied.

**BACKGROUND**

The instant offense arose during a federal trial in November 2021, at which Mr. Dompierre faced charges of Transportation of an Individual for Illegal Sexual Activity and Conspiracy to do so, in violation of 18 U.S.C. §§ 2421 and 2. The charges arose after the United States alleged that Mr. Dompierre arranged the transportation of an adult sex worker and child sex-trafficking victim—known as Camara Cherry-Amos and Jane Doe 2—from Albuquerque to Phoenix for commercial sex. While under oath at trial, Mr. Dompierre falsely asserted that a medical diagnosis of erectile dysfunction rendered it impossible for him to engage in sexual activity. Specifically, he testified that he had been diagnosed with erectile dysfunction in 1994 and that it had progressively

1

worsened in the time since, concluding, "I am saying that I do not function at all." He also indicated that he had stopped taking medication for erectile dysfunction after the medication stopped working.

Mr. Dompierre's trial concluded in a mistrial after the jury was unable to reach a unanimous verdict. Following the mistrial, the government subpoenaed Mr. Dompierre's full medical records—a portion of which he had presented at trial. Those records documented that on January 3, 2018—about three weeks after Mr. Dompierre was alleged to have had intercourse with Ms. Cherry-Amos and Jane Doe 2—he sought medical treatment for a burning sensation after urination. His records from that date document that he was sexually active, did not use protection, denied pain during ejaculation, denied urethral discharge or blood in his semen, and was prescribed Viagra. Records from January 10, 2018 likewise showed that he was prescribed Viagra and did not experience any "inadequacy of penile erection." Finally, records from January 25, 2018 documented continued burning pain following intercourse, no pain with ejaculation, no inadequacy of penile erection, and a Viagra prescription. In short, the records made clear that Mr. Dompierre's assertion at trial—that erectile dysfunction prohibited him from engaging in sexual activity—was false.

Mr. Dompierre pled guilty to perjury on March 28, 2022. At sentencing, his base offense level was 14, which with a criminal history category of I, resulted in a guideline imprisonment range of 15 to 21 months. On July 11, 2013, this Court sentenced Mr. Dompierre to 21 months in custody. He now asks the Court to reduce his sentence, following a retroactive amendment to the Sentencing Guidelines which has lowered his guideline imprisonment range.

**DISCUSSION**

18 U.S.C. § 3582(c)(2) authorizes courts to reduce a defendant's sentence where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also United States v. Price,* 44 F.4th 1288, 1294 (10th Cir. 2022) (retroactive Guideline amendments are a valid statutory reason to modify a sentence). On November 1, 2023, Sentencing Guidelines Amendment 821 went into effect. In Part B of the Amendment, the Sentencing Commission included a two-level reduction for certain eligible defendants with zero criminal history points, which now appears in U.S.S.G. § 4C1.1. On August 24, 2023, the Sentencing Commission made this amendment retroactive.

The Supreme Court has been clear that "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Dillon v. United States*, 560 U.S. 817 (2010). District courts ruling on motions for reduced sentences must follow a two-step approach. First, the district court must determine the amended guidelines range that would have been applicable to the defendant had the relevant amendment been in effect at the time of sentencing. *Dillon*, 560 U.S. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

If a defendant is eligible for a reduction due to a retroactive amendment that shifts the applicable guidelines range, then the Court must analyze the §3553(a) factors and exercise its discretion to determine whether "the particular circumstances of the case" warrant a sentence reduction. *Id.* Importantly, "[t]he authorization of such a discretionary reduction does not

otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right." *Background,* U.S.S.G. §1B1.10. Rather, "courts must determine whether to proceed to reduce the sentence," by weighing the §3553(a) factors and the particular circumstances of the case. *United States v. Tarango*, No. CR 07-2443, 2015 WL 10401775 at 13 (D.N.M. Oct. 29, 2015) (citing *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013)). "The determination is 'unambiguously discretionary,' even when the Guidelines range is reduced." *Id.* (quoting *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).

All parties agree that Mr. Dompierre meets the criteria for an adjustment for zero-point offenders under the amended guideline at §4C1.1. Docs. 731, 732. He is eligible for a reduction of two levels from the offense level as he received zero criminal history points prior to the instant conviction. Such a reduction would bring his total offense level to 12, which would give him a guidelines range of 10 to 16 months. He asks the Court to reduce his sentence to 16 months. Since the parties agree that Mr. Dompierre is eligible for a reduction, the Court turns to the § 3553(a) factors to determine whether a reduction is warranted. The Court finds that the § 3553(a) factors weigh against a reduction and therefore Mr. Dompierre's motion must be denied.

Under 18 U.S.C. §3553(a), the Court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, and the sentencing goals of retribution, incapacitation, deterrence, and rehabilitation. None of these factors weigh in favor of granting Mr. Dompierre's Motion.

First, the nature of the offense is extremely serious. Mr. Dompierre was convicted of lying about his intent to commit an extremely troubling crime, namely the Transportation of an Individual for Illegal Sexual Activity. In doing so, Mr. Dompierre not only deprived the victims

4

of a fair shot at having their claims vindicated in court, but he also showed a blatant disregard for the integrity of this Court and the criminal legal system. At his sentencing hearing, the Court determined that a 21-month sentence adequately reflected the seriousness of the offense and there is nothing in the record now that changes this determination. The severity of his offense alone is sufficient to deny his Motion. *See United States v. Osborn,* 679 F.3d 1193, 1196 (10th Cir. 2012) (seriousness of offense is a proper basis for denying a motion under § 3582(c)); *see also United States v. Styer,* 573 F.3d 151, 154-55 (3d Cir. 2009) (reduction motion denied due to nature of original criminal conduct); *United States v. Melton,* No. 98-CR-50, 2008 WL 1787045 (W.D.N.C. April 17, 2008).

Furthermore, while Mr. Dompierre's offense of conviction is for perjury and he is therefore eligible for a reduction, it is not lost on this Court that he committed perjury during his trial for sex offenses charges that would have disqualified him for relief under Amendment 821, if convicted. Following Mr. Dompierre's perjury, the jury in his trial could not reach a unanimous verdict and a mistrial was declared. Allowing Mr. Dompierre to glean a benefit from pleading guilty to perjury, where that perjury contributed to his escaping responsibility for a crime that would have disqualified him for the requested relief, would allow for a work-around to the Guidelines and undermine the integrity of the legal system. Accordingly, in order to promote respect for the law, as directed under §3553(a), the Court must deny Mr. Dompierre's Motion.

The Court also notes that nothing in the record demonstrates that Mr. Dompierre has made any significant strides to rehabilitate himself while in custody. He has not participated in or completed any programs, nor has he represented to the Court that he has worked on himself at all since he has been in custody for over a year. Doc. 703. While he has not incurred any disciplinary

infractions while in custody, this is not sufficient to outweigh the concerns about the serious nature of the underlying offense.

## CONCLUSION

While Mr. Dompierre is eligible for a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2), the Court finds that none of the § 3553(a) factors weigh in favor of granting a reduction. Accordingly, the Court will deny Mr. Dompierre's Motion.

**IT IS THEREFORE ORDERED** that Mr. Dompierre's Motion for Sentencing Reduction Under Guideline Amendment 821 [Doc. 731] is **DENIED.**

ENTERED this 1st day of November, 2024.

_____
MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE